**TRICO TECHNOLOGIES
CORPORATION,
Appellant,**

v.

**Carlos L. RODRIGUEZ, Appellee.**

No. 13–93–083–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1995.

Ronald G. Hole, McAllen, Ralph L. Halpern, Linda H. Joseph, Jaeckle, Fleischmann & Mugel, Buffalo, for appellant.

Aaron Pena, Jr., Edinburg, for appellee.

Before SEERDEN, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

Trico Technologies appeals from a judgment assessing damages of $9,000 and attorney's fees totalling $45,000 in favor of Carlos Rodriguez, its former employee. Rodriguez sued Trico claiming that he had been discriminated against during a reduction-in-force on the basis of his age. Rodriguez was laid off in October 1992 at age sixty-one. We reverse and remand because the burden of proof was misplaced in the charge.

Trico appeals claiming the trial court erred in admitting expert witness testimony, evidence of other wrongs, excluding evidence, and in submitting a defective charge. Appellant also claims that the trial court abused its discretion in awarding attorney's fees, which were not properly segregated between age discrimination and other causes of action. Appellant further challenges the legal sufficiency of the evidence to prove that plaintiff proved his prima facie claim of age discrimination.

First, we address Trico's no evidence complaint. To determine the legal sufficiency of the evidence, we review only the evidence that support the finding, and we reverse only if there is no evidence of probative value to support the finding. *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex. 1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

Trico moved for an instructed verdict both at the close of plaintiff's evidence and again before the case was submitted to the jury and properly preserved its complaint. Trico contends that appellee did not prove his prima facie case. The prima facie case in an age discrimination case requires proof that: 1) the employee was discharged; 2) he was qualified for the position; 3) he was a member of a protected class at the time of discharge; and 4) he was replaced by someone outside the protected class or otherwise show that he was discharged because of his age.

Trico does not dispute that Rodriguez was a member of a protected class, was qualified for his position, and was laid off. Trico denies that Rodriguez was laid off because of his age or that appellee's age had any effect on the decision to discharge him.

Trico contends that because Rodriguez's position was never filled by anyone else, Rodriguez could not have been discriminated against on the basis of his age. We disagree. The plaintiff attempted to show that in making decisions about who to lay off in a general downsizing, Trico targeted older employees and that the adverse employment decision was based on Rodriguez's age. The plaintiff marshalled evidence to support his theory including expert testimony by Gloria Casteneda, Ph.D., who testified that Trico did not follow its own policies in deciding to lay off Rodriguez rather than his younger

## 652

subordinate, Julio Ibarra. Expert Ernesto Garza, Jr. testified that of the two men, Rodriguez was generally the more experienced and knowledgeable. Viola Guevara, the company nurse, testified that there was a plan to lay off older and injured workers. Lawrence Cohen testified that he called Trico to apply for a job as a programmer and was told that, although Trico needed a programmer, they could not hire one because of Rodriguez's age discrimination complaint. Plaintiff has produced some evidence that the adverse employment decision to lay him off was based on his age. We overrule point five.

By points six, seven, and eight, appellant contends that the jury charge improperly stated the prima facie case, improperly shifted the burden of proof to the defendant, and advised the jury of the effect of their answers. The challenged question read as follows:

Question No. 1:

Do you find from a preponderance of the evidence that when Trico Technologies Corporation discharged or laid off Carlos L. Rodriguez, it discriminated against Carlos L. Rodriguez because of his age?

You are instructed that there may be more than one reason in Trico Technologies Corporation's decision to discharge or layoff Carlos Rodriguez. In order to prevail, Mr. Rodriguez is not required to establish that his age was the only reason for his discharge or layoff. If you find that his age was one reason and that in fact his age was a determining factor in his being discharged or laid off then you should find for the plaintiff and determine the amount of damages, if any, the plaintiff has sustained. On the other hand, if you find that his age was not a determining factor in his discharge or layoff, then you must find for the defendant.

You are further instructed that in answering this question, you must proceed as follows:

First, you must determine whether or not a prima facie case has been proven. A prima facie case of discrimination is proven if the following are shown:

(a) that Carlos Rodriguez was between the age of 40 and 70;

(b) that Carlos Rodriguez was discharged or laid off;

(c) that Carlos Rodriguez was performing according to the employer's legitimate expectations;

(d) that Julio Ybarra, or any employee not a member of the protected class (ages 40–70), was treated more favorably.

If you find from a preponderance of the evidence that a prima facie case of discrimination has been proved, you must determine from a preponderance of the evidence whether Trico Technologies Corporation stated a legitimate nondiscriminatory reason or reasons for the employment decision.

If you find that Trico Technologies Corporation stated a legitimate nondiscriminatory reason for the employment decision, you must then find from a preponderance of the evidence whether the legitimate reason or reasons were a pretext for discrimination.

If you follow the instructions of the preceding paragraph and find that a prima facie case of discrimination was proven, and that Trico Technologies Corporation has not stated a legitimate nondiscriminatory reason or reasons for the employment decision, or that Trico Technologies Corporation has stated a legitimate nondiscriminatory reason or reasons for the employment decision, but that these legitimate reasons were not Trico Technologies Corporation's true reasons, but were a pretext for discrimination, then you may answer "Yes" to this question.

Carlos Rodriguez is not required to produce direct evidence of unlawful motive. Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts.

Rodriguez sued under the Texas Commission on Human Rights Act article 5221k, which has as one of its purposes providing for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964. TEX.REV.CIV.STAT.ANN. Art.

5221k, § 1.02(1) (Vernon 1987).[1] We may look to federal case law in interpreting our own statute. *See Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991) (interpreting 5221k administrative requirements using federal law interpreting Title VII administrative requirements); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

 First, we consider whether the charge misstated the prima facie case. We hold that it did not. In a case involving reduction in force, many positions are eliminated. The appropriate inquiry is whether younger workers or other workers outside the protected class were treated more favorably. *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *see Farrington,* 865 S.W.2d at 251; *Adams v. Valley Federal Credit Union,* 848 S.W.2d 182, 187 n. 5 (Tex.App.—Corpus Christi 1992, writ denied). The charge correctly stated the prima facie case. Point eight is overruled.

Appellant also complains that the charge improperly shifted the burden of proof by requiring that the defendant prove its nondiscriminatory reason for terminating appellee's employment by a preponderance of the evidence. The general framework of burden shifting and its handling in the charge is discussed in *Lakeway Land Co. v. Kizer,* 796 S.W.2d 820 (Tex.App.—Austin 1990, writ denied). However, the United States Supreme Court has recently clarified the respective burdens. *See St. Mary's Honor Center v. Hicks,* —— U.S. ——, ———— ——, 113 S.Ct. 2742, 2747–49, 125 L.Ed.2d 407 (1993). The employer has a burden of production that arises after the plaintiff produces evidence to prove his prima facie case; the employer is never required to assume the burden of persuasion. *Id.* The employer is only required to *articulate* a nondiscriminatory reason for the adverse employment decision which *if believed* by the trier of fact rebuts the presumption of discrimination created by the prima facie case. The employer

does not have to prove that reason by a preponderance of the evidence. *Id.* (emphasis added). His articulation of the reason is sufficient to trigger the plaintiff's further burden of production and persuasion to demonstrate that the stated reason was a pretext and the true reason was discriminatory. *Id.*

The charge required Trico to prove by a preponderance of the evidence that it had stated a legitimate nondiscriminatory reason for Rodriguez's discharge. This burden is greater than the defendant is required to bear under applicable case law. After the employer states a nondiscriminatory reason for the firing, the employee must prove by a preponderance of the evidence the stated reason was a mere pretext for the discharge. The burden of proof remains on the plaintiff-employee. *See Id.; Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The instruction erroneously placed the burden of proof on the defendant. Such error is reversible without a detailed analysis of the harm it caused. *See Browning–Ferris Indust., Inc. v. Lieck,* 881 S.W.2d 288 (Tex.1994). Point six is sustained.

Because of our disposition of point six, we need not complete the harm analysis required for point seven. TEX.R.APP.P. 90(a). Additionally, we need not address appellant's remaining points of error.

The judgment is REVERSED AND REMANDED.