**Gerald R. GOLD, Appellant,**

v.

**EXXON CORPORATION, d/b/a Exxon Company, U.S.A., Appellee.**

No. 14–96–01138–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 1998.

Rehearing Overruled Feb. 26, 1998.

G. Scott Fiddler, Bellaire, for appellant.

Douglas B. Neagli, Taylor French Snelling, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

MURPHY, Chief Justice.

This is an appeal from a summary judgment. Appellant, Gerald R. Gold ("Gold"), brought suit against appellee, Exxon Corporation ("Exxon"), alleging age discrimination. The trial court granted summary judgment in favor of Exxon. In his sole point of error, Gold contends the trial court erred in granting Exxon's Motion for Summary Judgment. We affirm.

## I. Background

Exxon terminated Gold's employment as a staff tax agent in May 1992 amidst a year-long reduction in its workforce. Exxon's reduction in force targeted two distinct groups: 1) employees who voluntarily chose to resign or retire and 2) employees involuntarily terminated or retired due to low-ranking performance evaluations. Exxon protected from inclusion in the second group those employees with over twenty-five years of service or those with over fifteen years of service and within three years of attaining annuitant status at age fifty five. Gold, who was not in either of the protected categories, fell into the low-ranking performance group and was terminated as part of the involuntary group.

Gold filed suit, claiming his low rankings on the performance evaluations were due to prejudice towards him by the supervisors who made the assessments. He contended his immediate supervisor continuously harassed him and made biased statements indicating a preference for the younger employees within Gold's department. He also claimed the younger employees were not subjected to similar abusive treatment.

Exxon filed a motion for summary judgment. Exxon argued Gold failed to create a genuine issue of material fact because he neither (1) established a *prima facie* case of age discrimination nor (2) demonstrated Exxon's declared, nondiscriminatory reason for his termination was a mere pretext for age discrimination. The trial court granted Exx-

on's motion without specifying the grounds for its decision.

In his point of error to this court, Gold claims the trial court committed error in granting Exxon's Motion for Summary Judgment because he established a *prima facie* case of employment discrimination and the summary judgment proof demonstrated a genuine issue of material fact existed on whether Exxon's proffered reason for his termination was pretextual.

## II. Discussion

■ In asserting his age discrimination claim, Gold alleged a violation of the Texas Commission on Human Rights Act (TCHRA), Tex.Rev.Civ. Stat. Ann. art. 5221k, § 1.01, *et seq.*[1] The legislature drafted the TCHRA to "correlat[e] state law with federal law in the area of discrimination in employment." *See Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991); *see also* Tex.Rev.Civ. Stat. Ann. art. 5221k, § 1.02(1) (Vernon 1987) (noting a general purpose of the TCHRA is "to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964"). In adhering to the legislative intent, Texas courts have looked to the pertinent federal law in interpreting the relevant provisions of the TCHRA. *See Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex. 1996); *Trico Technologies Corp. v. Rodriguez,* 907 S.W.2d 650, 652–53 (Tex.App.— Corpus Christi 1995, no writ); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Stinnett v. Williamson County Sheriff's Dept.,* 858 S.W.2d 573, 576 (Tex.App.— Austin 1993, writ denied).

Federal courts have developed a burden-shifting analysis for determining whether a plaintiff states an actionable employment discrimination claim. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–07, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993). In addressing age discrimination claims under the TCHRA, Texas courts have applied this

1. The portions of the TCHRA necessary for Gold's appeal are now codified at Tex. Lab.Code Ann. § 21.001, *et seq.* (Vernon 1996).

analysis.[2] *See Stanley Stores, Inc. v. Chavana,* 909 S.W.2d 554, 559 (Tex.App.—Corpus Christi 1995, writ denied); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d at 251. We adopt this approach for the purpose of addressing Gold's claim.

■ Under the burden-shifting analysis, a plaintiff has the initial burden of presenting a *prima facie* case of discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. at 506, 113 S.Ct. at 2746–47; *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d at 251. Once the plaintiff has met this burden, the defendant-employer has the burden of producing evidence showing a "legitimate, nondiscriminatory reason" for the adverse employment actions. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. at 506–07, 113 S.Ct. at 2746–47. If the employer proffers a legitimate, nondiscriminatory reason for its actions, the *presumption* of unlawful discrimination, created by the plaintiff's *prima facie* case, disappears. *See id.* at 507, 113 S.Ct. at 2747. The plaintiff must then "demonstrate that the defendant's articulated rationale is merely a pretext for discrimination." *See Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir.1996); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d at 251.

■ Because Exxon claimed two grounds for summary judgment, either of which were sufficient, under the burden-shifting analysis, to provide a basis for the trial court's decision, Gold must raise an issue with regard to both to prevail in his appeal. *See Kovar v.* *Krampitz,* 941 S.W.2d 249, 251 (Tex.App.—Houston [14th Dist.] 1996, no writ) ("[w]hen a trial court does not specify the grounds upon which it grants a summary judgment, the appellate court will affirm the judgment if any one of the theories advanced in the motion is meritorious") (citing *State Farm Fire & Cas. Co. v. S. S.,* 858 S.W.2d 374, 380 (Tex.1993)).

## A. Gold's *prima facie* case

■ Where the employer claims the termination was part of a reduction in force, the employee makes out a *prima facie* case by showing: (1) he is within the protected age group; (2) he has been adversely affected by the employer's decision; (3) he was qualified to assume another position at the time of the discharge; and (4) evidence, circumstantial or direct, exists from which a factfinder might reasonably conclude the employer intended to discriminate in reaching its decision. *See Nichols v. Loral Vought Sys. Corp.,* 81 F.3d at 41; *see also Stanley Stores, Inc. v. Chavana,* 909 S.W.2d at 559 (stating the necessary showing on the fourth prong is whether the employee "was replaced by someone outside the protected class, or by someone younger or otherwise show[s] that he was discharged because of age").

Exxon concedes that Gold satisfies the first and second prongs for a *prima facie* case, but it contends he does meet the remaining prongs. Exxon argues Gold does not satisfy the third prong because he presents no proof showing he was qualified to

**2.** The shifting burden-of-production analysis may, upon first glance, appear to be merely a matter of procedure to which Texas law would apply. The burden-shifting approach, however, has taken on substantive importance in the employment discrimination case law. *See Thornbrough v. Columbus and Greenville R.R. Co.,* 760 F.2d 633, 640 n. 9 (5th Cir.1985). In *Thornbrough v. Columbus and Greenville R.R. Co.,* the Fifth Circuit noted

> [T]here is no inherent relationship between the failure to establish a prima facie case and summary judgement. The failure to establish a prima facie case means merely that the plaintiff has failed to establish facts sufficient to create a legally mandatory, rebuttable presumption. It means that the factfinder is not *required* to find in the plaintiff's favor; it does not mean that the factfinder is not *permitted* to find in the plaintiff's favor. A fact may be

material for purposes of defeating a motion for summary judgment and yet fail to create a rebuttable presumption.

> Thus, to the extent that the failure to establish a prima facie case warrants summary judgment, this is due not to the logical relation between the doctrines of prima facie case and summary judgment, but to the particular elements of a prima facie *employment discrimination* case. In the employment discrimination context, a prima facie case is established if the plaintiff merely satisfies the standing requirements of the ADEA and presents evidence of differential treatment of younger and older employees. Given these minimal requirements, the failure to establish a prima facie case generally means that there are no material facts at issue.

*Id.*

assume another position and asserts Gold failed to demonstrate satisfactory performance in his tax agent position. Exxon claims Gold fails to satisfy the fourth prong because he does not present proof showing Exxon consciously refused to retain him due to his age or regarded age as a negative factor. Exxon argues Gold's subjective belief that his termination was based on age is insufficient to establish the necessary showing on the fourth prong.

Gold need only make a minimal showing in order to establish a *prima facie* case. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d at 41. The fact a *prima facie* case is fairly easily made out serves the essential purpose of "sharpen[ing] the inquiry into the elusive factual question of intentional discrimination." *See Texas Dep't Community Affairs v. Burdine*, 450 U.S. 248, 255 n. 8, 101 S.Ct. 1089, 1094–95, n. 8, 67 L.Ed.2d 207 (1981).

### 1. Gold's qualification element

■ Where an employer retains an employee's job after a reduction in force, as Exxon did in the instant case, the employee can meet his burden of showing he is qualified to assume another position at the time of discharge by demonstrating his qualifications to perform the job from which he was terminated. *See Adams v. Valley Federal Credit Union*, 848 S.W.2d 182, 188–89 (Tex.App.— Corpus Christi 1992, writ denied) (*citing Bienkowski v. American Airlines*, 851 F.2d 1503, 1506 (5th Cir.1988)); *see also Uffelman v. Lone Star Steel Co.*, 863 F.2d 404, 407–08 (5th Cir.1989) (holding that a plaintiff had successfully met its burden by showing "[o]ther engineers ... were also retained and [plaintiff's] evidence compared his qualifications favorably with theirs"). The proper showing generally entails demonstrating "the plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired." *See Adams v. Valley Federal Credit Union*, 848 S.W.2d at 188.

■ Gold presented uncontroverted proof showing he had worked for Exxon as a staff tax agent for almost ten years and had not suffered a physical disability rendering him unfit for the position. Furthermore, Gold avers in an affidavit that he was more experienced than other staff tax agents who were retained. *See Uffelman v. Lone Star Steel Co.*, 863 F.2d at 407–08 (noting superior experience as a factor in establishing an employee's qualifications to continue his prior duties in a reduction in force case where his position is retained by the employer).

Exxon argues Gold's poor performance ranking made him unqualified for the position of staff tax agent. In making this argument, Exxon breaks down the distinction between the first and second phases of the employment discrimination burden-shifting analysis by attempting to use its "legitimate, nondiscriminatory reason" for Gold's termination, usually presented in the second phase, to negate elements of his *prima facie* case. Although the analysis of an employee's qualifications for a position can be construed to justify such an argument, see *Uffelman v. Lone Star Steel Co.*, 863 F.2d at 407–08, it is clear the courts have generally reserved questions of poor work performance for the second and third phases of the employment discrimination burden-shifting analysis. *See, e.g., Nichols v. Loral Vought Sys. Corp.*, 81 F.3d at 41; *Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d 633, 639 n. 6 (5th Cir.1985). Where the courts have been willing to analyze an employer's reasons for firing an employee within the context of the *prima facie* case inquiry into his qualifications, the analysis has focused on the employee's bare ability to do the work, not the quality of the work done. *See Uffelman v. Lone Star Steel Co.*, 863 F.2d at 407–08. Obviously, the distinction between the two is not absolute because an employee's work quality may be so poor as to indicate an inability to do the tasks his job requires. Nevertheless, Exxon only avers Gold's work product was sufficiently poor that he could not retain his job when it reduced its workforce based upon performance evaluations, not that he was absolutely incapable of performing the tasks of a staff tax agent. Therefore, we hold Gold made a sufficient showing to meet the third element of the *prima facie* case.

### 2. Gold's "intent to discriminate" element

Exxon argues the necessary showing on the fourth element is evidence with which a factfinder can reasonably "conclude either (1) that defendant consciously refused to consider retaining or relocating a plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration." *See Williams v. General Motors Corp.*, 656 F.2d 120, 130 (5th Cir.1981). The United States Fifth Circuit Court of Appeals has noted the fourth element can be made out through direct or circumstantial evidence. *See id.* Employing this test, the Fifth Circuit found it met where "several younger, allegedly less well-qualified employees were retained during a reduction in force." *See Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812–13 (5th Cir.1991) (*citing Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d at 643). In fact, the Fifth Circuit announced in *Thornbrough v. Columbus and Greenville R.R. Co.* that such evidence is exactly the type of showing required,

> [W] hat is suspicious in reduction-in-force cases is that the employer fired a qualified, older employee but retained younger ones. If we focus not on why employees, in general, were discharged ... but instead on why the plaintiff rather than another employee was discharged, the discharge of an older employee rather than a younger one is initially unexplained. Under these circumstances, requiring the employer to articulate reasons for his decision to fire the plaintiff is appropriate.

760 F.2d at 644.[3]

■ Gold met his burden of production on the fourth element of the *prima facie* case by showing Exxon retained younger staff tax agents during its reduction in force. *See,* e.g., *Uffelman v. Lone Star Steel Co.*, 863 F.2d at 408; *Trico Technologies Corp. v. Rodriguez*, 907 S.W.2d at 652–53.

■ Gold thus established a *prima facie* case of age discrimination. Exxon successfully countered Gold's *prima facie* case by proffering the legitimate, nondiscriminatory reason that Gold's termination was based solely on low performance evaluations. *See Bodenheimer v. PPG Indus.*, 5 F.3d 955, 957–8 (5th Cir.1993). The burden of production then shifts back to Gold "to demonstrate that the defendant's articulated rationale is merely a pretext for discrimination." *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d at 41.

### B. Gold's challenge of Exxon's proffered reason

Gold offers several arguments to support his contention that Exxon's stated reason for his termination was merely pretextual and that age was a *motivating* factor in Exxon's action. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996) (en banc); *see also* TEX. LAB.CODE ANN. § 21.125 (Vernon 1996)[4] (listing age as one of the impermissible motivating factors for employment practices). First, Gold counters Exxon's claim his performance was poor by his sworn statement that such allegation is false. Second, Gold argues statements in his affidavit and sworn deposition about his supervisor's purported preferential treatment to younger workers is sufficient to create a material fact issue on pretext. Third, Gold contends age-based remarks, made in connection with criticism of his work, show pretext. Fourth, Gold asserts pretext can be inferred from the subjective nature of Exxon's evaluation system and the fact his allegedly biased supervisor made the evaluations. Fifth, Gold as-

---

3. The Fifth Circuit specifically noted the "conscious refusal to retain because of age or use of age as a negative factor" language, which Exxon relies upon, supported a lessening of the burden on employment discrimination plaintiffs because it allowed "employees to establish a prima facie case through any type of circumstantial evidence that younger employees were more favorably treated than older employees." *See Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d at 642–43.

4. Section 21.125 became effective subsequent to Gold's filing of his claim. *See* Act of May 24, 1993, 73rd Leg., R.S., ch. 276, §§ 5, 8, 1993 Tex. Gen. Laws 1285, 1288, 1292 (current version at TEX. LAB.CODE ANN. § 21.125 (Vernon 1996)). Nevertheless, the statute is meant as "clarifying" legislation, and, thus, informs our decision as to the proper standard Gold must meet to establish an age discrimination claim. *See* TEX. LAB.CODE ANN. § 21.125.

serts a credibility crisis in Exxon's summary judgment proof provides a fact issue on pretext.

Gold's fourth and fifth arguments are without merit because they are unresponsive to the issue of pretext. He bases his fourth argument on the subjective nature of Exxon's evaluations, a fact which is in itself wholly innocuous. Gold only addresses pretext within this argument by the further statement that his ranking "was improper, contrived and false." Because Gold similarly raises these contentions within his first three arguments, we decline to address them with regard to the fourth.

■ In his fifth argument, Gold alleges the sworn statements made by two of Exxon's employees as to the reasons for his termination, in light of Exxon's answers to interrogatories indicating these specific employees were not responsible for the decision to terminate Gold's employment, create a credibility crisis which precludes summary judgment. *See Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). Gold argues such facts made the two employees incompetent to testify as to the reasons for his termination. The two employees were, nevertheless, managers at Exxon with supervisory capacity over Gold. Thus, we believe they were competent to testify to the reasons behind Gold's termination, even if they themselves were not responsible for the decision. Thus, we find no credibility crisis giving rise to an inference that Exxon's stated reason for Gold's termination was a pretext for discrimination.

■ The substance of Gold's first, second, and third arguments are based upon his belief the evaluations were "improper, contrived and false." The only evidence Gold provides that the evaluations were false is his own sworn statement asserting "[t]he claim that my performance was poor or that I ranked low in comparison to my co-workers is not true." Gold's claim the evaluations were improper and contrived is based upon his allegations that his supervisor made age-related remarks indicating a preference for younger employees and gave the younger employees preferential treatment. The alleged age-related remarks were comprised of statements by Gold's supervisor to the effect that younger agents in the office were "good," "smart," or "sharp." Gold alleges the comments were made in connection with criticism of his work. Gold also sets out a list of ways in which he was criticized, and contends the younger workers were not subjected to such treatment.

The only summary judgment proof Gold presented in support of his arguments on pretext were his own sworn statements in an affidavit and deposition. That Gold's statements merely evince his subjective belief of discrimination is clear from his deposition, where he notes his belief the supervisor favored younger employees was based on the "inferences I got" from remarks his supervisor made.[5] The only remarks Gold recalls, however, were general statements by the supervisor as to the abilities of other agents in his office. *See Waggoner v. City of Garland, Tex.,* 987 F.2d 1160, 1166 (5th Cir.1993) ("a mere 'stray remark' is insufficient to establish age discrimination"). Gold inferred these statements were age-related since the other agents happened to be younger than he.

■ We believe Gold's summary judgment proof is insufficient to forestall summary judgment for a cause of action under the TCHRA. We recognize that the Texas summary judgment practice has generally been distinguished from its federal counterpart by the lessened burden it places on a non-movant to defeat such motion,[6] *see Casso*

---

5. When pressed in his deposition to illustrate specific examples of his supervisor's remarks, Gold responded "I cannot recall specifics; but the general *inference* was the same-that the younger agents, the younger people, as he called them, were simply better than the older agents and more favored by him. That was the inference I got." Gold then explained "I only was able to discern the general direction or general gist of the comments, but it was along the same lines of *my perception* about his inferences and his attitude and his actions."

6. We note this no longer appears to be the case under the new summary judgment rules promulgated by order of the Texas Supreme Court, effective September 1, 1997. *See* Tex.R. Civ. P. 166a(i), 60 Tex. B.J. 534 (1997); *see also* U.S.

*v. Brand,* 776 S.W.2d at 555–56, but we believe the TCHRA requires the application of an elevated standard of proof exemplified in federal employment discrimination cases. When we apply this standard, Gold's subjective belief of age discrimination is insufficient to survive Exxon's summary judgment motion. *See Nichols v. Loral Vought Sys. Corp.,* 81 F.3d at 42; *Waggoner v. City of Garland, Tex.,* 987 F.2d at 1166; *Sherrod v. Sears, Roebuck & Co.,* 785 F.2d 1312, 1315–16 (5th Cir.1986); *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d at 251–52.

We base our holding that Gold's subjective belief is insufficient to overcome Exxon's summary judgment motion upon two primary considerations. First, is the aforementioned legislative intent to "correlat[e] state law with federal law in the area of discrimination in employment." *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d at 485; *see also Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 72 (Tex.App.—Austin 1990, no writ) (looking to federal case law as "persuasive authority" in construing provisions of the TCHRA).

Second, we believe our holding properly defers to a standard developed to enable the courts to manage cases in this complex area of law. Employment discrimination cases' complexity arises out of the fact that it is often the word of one employee against another's as to discriminatory animus—a state of mind. *See St. Mary's Honor Ctr.,* 509 U.S. at 520, 113 S.Ct. at 2754. As the Fifth Circuit noted in *Thornbrough v. Columbus and Greenville R.R. Co.,* direct evidence of intentional discrimination is usually unavailable. *See* 760 F.2d at 638 ("Employers are rarely so cooperative as to include a notation in the personnel file, 'fired due to age,' or to inform a dismissed employee candidly that he is too old for the job"). Conversely, the relative ease with which an employment discrimination plaintiff establishes a *prima facie* case requires the courts to discern at the third step of the burden-shifting analysis whether an actionable cause is stated. *See id.* at 639 n. 6. In this vein, the federal courts

have recognized that "[t]he ADEA was not intended to be a vehicle for judicial second-guessing of business decisions, nor was it intended to transform the courts into personnel managers." *See id.* at 647.

Requiring a higher standard of proof due to the nature of a claim, and looking to federal law for guidance in setting that standard, is not new to Texas jurisprudence. The Texas Supreme Court placed an elevated standard of proof on non-movants in official immunity claims by looking to the federal case law. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 656 (Tex.1994). In adopting the elevated standard, the Supreme Court responded to a movant's claim that the test for official immunity was too easily controverted by a non-movant. *See id.* We likewise adopt an elevated standard for employment discrimination cases as a means of establishing a practicable threshold, while at the same time serving the important competing interests providing the bases for employment discrimination laws. *See id.*

We note that our holding is not the first to uphold a summary judgment by looking to the federal employment discrimination case law. In *Farrington v. Sysco Food Servs., Inc.,* the 1st District Court of Appeals held that a summary judgment granted in an employment discrimination case brought under the TCHRA was appropriate because the plaintiff could "not establish the validity of his *subjective belief* that his treatment" was due to discrimination. *See* 865 S.W.2d at 251–52 (emphasis added). Similarly, we hold the trial court's grant of summary judgment was appropriate because Gold fails to present any proof to support his subjective allegations of disparate and prejudicial treatment.

### III. Conclusion

We affirm the trial court's grant of summary judgment.

District Judge David Hittner and Lynne Liberato, No-evidence Summary Judgments Under the New Rule (September 16, 1997) (unpublished article, presented before the Houston Bar Assoc. Litigation Section) (explaining that the new rule

adopts federal summary judgment procedure). Nevertheless, we do not base our decision upon application of the new rules because this case was decided when the old rules remained in effect.