**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-41201
(Summary Calendar)

AMERICAN REAL ESTATE CORPORATION,

Plaintiff-Appellee,

versus

CORNEL DORÉ,

Defendant-Appellant.

CORNEL DORÉ,

Plaintiff-Counter Defendant-Appellant,

versus

AMERICAN REAL ESTATE CORPORATION,

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(No. 1:99CV0007)

May 8, 2000

Before HIGGINBOTHAM, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Appellant Cornel Doré ("Doré") appeals from the dismissal of his employment discrimination action and the grant of partial summary judgment in favor of the appellee American Real Estate Company ("AREC"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After obtaining his real estate license in April of 1997, Doré searched for a sponsoring broker in the Jefferson County area of Texas.[1] After being denied by ERA Real Estate, Doré secured a sponsoring broker at Chesnutt Real Estate in April of 1997, also in Jefferson County. As an agent of Chesnutt, he remained there for about four months, until he was terminated in August of 1997, apparently because Doré could not make any sales. After his termination from Chessnutt, Doré sought employment with AREC. After arriving at AREC to discuss potential employment, Doré had a conversation with one of the head real estate agents at, Yvonne Ritter ("Ritter"). Doré alleges that during their conversation, Ritter made comments which offended him. After his termination from Chessnutt, and after being denied by AREC, Doré took no steps to obtain further employment.

On September 22, 1997, Doré filed a Notice of Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC") and the EEOC issued a right to sue letter. AREC subsequently initiated this action in the United States District Court for the Eastern District of Texas on January 5, 1999.[2] AREC requested a declaratory judgment finding that it was a not an "employer" within the meaning of Title VII and the Texas Commission on Human Rights Act. AREC also requested attorney's fees. Doré filed an answer to AREC's complaint and then filed a separate action against AREC on January 19, 1999. AREC's original action was consolidated with its answers to Doré's original complaint.[3] Doré's complaint alleged that AREC discriminated against him by

---

[1] Under Texas law, real estate agents are independent contractors. Following the magistrate judge's decision, we decline to address whether AREC is an "employer" for the purposes of employment discrimination because Doré has failed to establish the other elements for a *prima facie* case of employment discrimination.

[2] AREC's original action was filed, Civil Action No. 1:99CV0007, styled *American Real Estate Corporation v. Cornel Doré*.

[3] Doré's original action was filed, Civil Action No. 1:99CV0024, styled *Cornel Doré v. American Real Estate Company*.

2

denying him employment as a real estate broker on the basis of his gender. Doré charged that AREC violated his federal and state statutory rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and the Texas Commission on Human Rights Act, TEX.CIV.STAT.ANN art. 5221(k) § 2.01(5). Doré requested injunctive relief, declaratory judgments, and compensatory and punitive damages.

Pursuant to 28 U.S.C. § 636(c), AREC and Doré agreed to allow the matter to proceed before a magistrate judge. Prior to that proceeding, however, Doré's counsel withdrew as counsel and Doré proceeded pro se. AREC filed a motion for summary judgment which was subsequently granted.

## DISCUSSION

### I. Standard of Review

We review the district court's grant of summary judgment de novo. Texas Manufactured Housing Ass'n v. Nederland, 101 F.3d 1095, 1099 (5th Cir. 1996) (citing Norwood v. Apache, 19 F.3d 1017, 1021 (5th Cir. 1994)). After taking all inferences in favor of the non-movant, here Doré, and after reviewing all the facts in light of Doré, summary judgment is proper if "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with all the affidavits, if any, show that there is no genuine issue as to any material fact and the non-moving party is entitled to judgment as a matter of law." Nederland, 101 F.3d at 1099.

### II. Summary Judgment

As the movant, AREC had the initial burden of proving that there was no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We agree with the magistrate judge that AREC met this burden and thus shifted the burden to Doré to show with significant probative evidence that there existed a genuine issue of material fact that AREC failed to hire him because of his gender. See Nederland, 101 F.3d at 1099. We find that Doré has not met this burden.

In order to establish a prima facie case of gender discrimination under Title VII the plaintiff must show: (1) that she was a member of a protected group, (2) that she applied for the position , (3) that she was qualified for the position when she applied, (4) that she was not selected for the position,

(5) and that she was replaced by someone who was not a member of her protected group. See Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1087 (5th Cir. 1994) (citing McDonnell Douglass Corp. v. Green, 411 U.S. 792 (1973)). To establish the same action under the Texas statute, Doré needed to satisfy three requirements: (1) that he was a member of a protected cl ass, (2) that he suffered an adverse employment action by an employer, and (3) that protected employees were not treated similarly. TEX. LABOR CODE § 21.051. Subjective beliefs of discrimination are insufficient to establish a prima facie case of employment discrimination under federal and state law. See Bauer v. Albemarle Corp., 169 F.3d 962 (5th Cir. 1999); Gold v. Exxon Corp., 960 S.W. 2d 378 (Tex. App.-Houston [14th Dist.] 1998, *no writ*).

Dore's complaint is based upon subjective beliefs of discrimination and is thus insufficient to establish a prima facie case of employment discrimination under federal law or state law. Bauer v. Albemarle Corp., 169 F.3d 962 (5th Cir. 1999). His subjective belief, without more, is not enough to defeat the motion for summary judgment filed by AREC.

Doré's contention that he was discriminated on the basis of his gender is without merit. His contention revolves around the utterance of one statement: "men are not detail oriented as women." The record indicates that the statement was made during the one conversation Ritter had with Doré and was at best, a stray remark and can not establish discrimination as a matter of law. Smith v. Berry Co., 165 F.3d 390, 395 (5th Cir. 1999); *compare* Franklin v. Enserch, Inc., 961 S.W. 2d 704 (Tex.App.-Amairillo 1998, *no writ)*. Doré admits that during the conversation with Ritter, they discussed the historical progress of women in the real estate business, and that Ritter shared her belief with him that men had left the business "when the interest rates went up, [and] a lot of men got out of real estate to support their families." Indeed, this comment stems directly from Ritter's analysis of a particular test taken by both men and women in real estate school. Apparently, real estate students were asked to determine "how many Es were in that sentence," of the particular test before them. Ritter believed, based on the specific results on that particular test, that "men are not detail oriented." Further, Doré stated that "[*w*]*henever* she said that [statement], that's what I thought she

4

was talking about . . . ." Finally, Doré admitted that he was not offended by their conversation, only that statement. Ritter's remark to Doré during their conversation was an isolated comment regarding the disparate performance between men and women on a particular real estate test. Such comments alone are not enough to establish gender discrimination as a matter of law. Smith v. Berry, 165 F. 3d 390 (5th Cir. 1999).

Also, the record clearly supports the view that Doré was not qualified. See Davis,14 F. 3d at 1087 (finding that a female applicant failed to establish a prima facie case because she could not demonstrate that she was qualified to be a refinery operator). Doré had only worked in the real estate business for approximately one year, for Jim Walter Homes and Chesnutt. He was terminated from Chesnutt after four months. Doré even admits that at both companies he made no sales, and that when Ritter asked him about his real estate employment that he acknowledged to her that he did not have any sales.

Doré has failed to put forth any evidence to create a genuine issue that AREC declined to hire him because of his gender. His allegation of gender discrimination is at best, based on personal speculation. See Ruiz, 12 F.3d at 513 ("if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (quoting Anderson, supra, at 249-250). We find that the magistrate judge was not in error, and accordingly affirm the decision to dismiss this case without error.

Besides his subjective belief about Ritter's comment, Doré proffered no other summary judgment evidence to sustain his gender discrimination action. Moreover, Doré has failed to establish damages for which he can seek recovery against AREC at trial. See Bing v. Roadway Express, Inc., 485 F.2d 441 (5th Cir. 1973).

For the above reasons, we find there are no genuine issues of material fact and appropriately affirm the grant of summary judgment.

AFFIRMED.

5