Vivian Juanita TURNER, Appellant,

v.

OWENS–CORNING FIBERGLAS CORPORATION, A Norman Avinger, III, Gary Keyl and Melvin D. Suttle, Appellees.

No. 09–89–121–CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

Rehearing Denied Oct. 4, 1989.

John Judge, Amarillo, for appellant.

Marty Rowley, Amarillo, for appellees.

## OPINION

BROOKSHIRE, Justice.

Vivian Turner perfects this appeal from the granting of a motion for summary judgment, which judgment was adverse to her.

We think that the recognized standards for an intermediate appellate court reviewing the granting of a motion for summary judgment are now fixed. Assiduously adhering to the criteria mandated by the Texas Supreme Court, we find the rules are:

(A) The moving party for the summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to the summary judgment as a matter of law.

(B) The summary judgment evidence that is favorable to the non-movant will be taken by us as true in determining whether a disputed, material fact issue exists defeating summary judgment.

(C) All reasonable inferences are to be indulged in in favor of the non-movant and any reasonable doubts presented by the summary judgment evidence are to be resolved in the non-movant's favor.

Supreme Court decisions, mandating these standards, among others, are:

1. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985);

2. *Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984);

3. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex. 1975);

4. *See and compare City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Nevertheless, the entire record in this case and the ultimate issues therein, we think, invoke *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985).

Appellant concedes, in her brief, that she was hired as a plant nurse for Owens–Corning Fiberglas, Inc. (OCF) in the latter part of January, 1981. She agrees that, during the summer months of 1985, certain conflicts of personalities, questions of medical ethics and corporate loyalty, arose between Turner and the several defendants; notably, Suttle, and, to a lesser degree, Avinger and Keyl. Nurse Turner affirmatively advances in her brief that the conflicts and controversies between her and the defendants/Appellees were based upon three issues or disputes:

(A) Confidentiality of employee medical records;

(B) Use of inappropriate ear plugs on the plant floor; and

(C) Ms. Turner's perceived failure to deal with plant employees in a kind and compassionate manner.

The genesis of the unpleasantries was that some of the other employees of OCF decided that the nurse was in need of certain assistance from the Employee Assistance Program. This assistance program was understood throughout the company to be beneficial to certain employees who had

trouble with alleged alcohol abuse or alleged drug abuse.

Again, Nurse Turner agrees, through her brief, that certain of the Appellees decided to offer the benefits of the Employee Assistance Program to her as a condition precedent to her continued employment. It was explained to Nurse Turner that she would be required to be voluntarily admitted into a substance abuse facility located outside the State of Texas as a condition of her continued employment and that, if she decided to refuse, her employment would be terminated. Turner refused. Her employment was terminated.

The live pleadings set forth the following counts:

(1) Breach of the duty of good faith and fair dealing;

(2) Negligence;

(3) Gross negligence; and

(4) Intentional injury.

These alleged causes of action were averred to be the proximate cause of damages to the Appellee, resulting in mental anguish and injury to her earning capacity.

We think it is undisputed that Nurse Turner was hired for an indefinite duration of employment and that certain conflicts in the employer-employee relationship came into existence between Nurse Turner and certain, but not all, of her supervisors. At that time, we perceive that the nurse's employment could have been terminated since she was subject to an employment-at-will situation. Her termination, at that early point, would not have been actionable.

However, rather than an immediate cessation of the nurse's employment, certain of the Appellees offered to the nurse the option of continued employment, coupled with certain counseling and other services furnished through the Employee Assistance Program. This, the nurse refused. Her employment was terminated about October 30, 1985.

In the initial filing of this suit, the Appellant averred that the termination of her employment was negligence and such negligence was a proximate and direct cause of her damages and that a species of this negligence was the failure to use due care in the breaching of the covenant of good faith. The Appellant further claimed that certain willful, wanton, heedless, and reckless acts were committed adverse to her welfare. She also alleged that, as a result of the negligently-performed discharge, the Appellees had violated a covenant of good faith and fair dealing, which was implied in her employment contract.

The Appellees countered by filing certain exceptions. In substance, these set forth that no such causes of action existed under the substantive law of Texas. A motion for partial summary judgment was directed to the court and was narrowed to all causes of action alleged by the Appellant, arising out of the termination of her employment, as well as retaliatory causes of action averred by the Plaintiff/Appellant, and any alleged causes of action arising out of a negligent breach of any implied covenant of good faith and fair dealing. The district court granted the Appellees' motion. The partial summary judgment was entered in favor of the Appellees on any of the Appellant's claims arising from the termination of her employment, on any retaliatory claims and on any claims for breach of an implied covenant involving the concept of good faith and fair dealing. No further relief was granted Appellees.

The nurse's pleadings, alleging intentional infliction of emotional distress, were severed. The trial court also disallowed the Appellant's claim that her termination, as such, was an actual, intentional tort. Further, the trial court disallowed the Appellant's claim for an intentional injury or an intentional tort that resulted directly from her termination.

Nurse Turner does not argue that the summary judgment procedure vis-a-vis the leveling of the special exceptions was an improper vehicle by which the district judge disposed of her wrongful termination claims. Hence, the nurse acknowledges that any pleading deficiency (on her part) is of such a nature that the same could not be cured by amendment. Hence, the motion for summary judgment was properly laid

before the district court. *See Currey v. Lone Star Steel Co.*, 676 S.W.2d 205 (Tex. App.—Fort Worth 1984, no writ); *Jacobs v. Cude*, 641 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

We decide *Sabine Pilot Service, Inc. v. Hauck, supra,* is ruling case law for this appeal. There, the Supreme Court held that, in an employment-at-will contract, an employee could not be discharged if the sole reason for the discharge was the employee's refusal to perform a clearly illegal and unlawful act. Prior to *Sabine Pilot Service, Inc. v. Hauck, supra,* the employment-at-will doctrine was established in *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). In *East Line & R.R.R. Co., supra,* if there was no collective-bargaining contract or no employment contract, there simply existed no cause of action for wrongful discharge in Texas. That strident, stringent doctrine had been in force in Texas for nearly a century. *Sabine Pilot Service, Inc. v. Hauck, supra,* made only a very narrow exception to the *East Line & R.R.R. Co., supra,* rule.

Cogent and compelling arguments can be made that this rule of law, in Texas, following the *East Line & R.R.R. Co., supra,* case, and slightly modified in the *Hauck, supra,* case, is unenlightened. But it seems to us that such a basic policy rule is properly within the prerogatives of the legislature of Texas.

We think there is simply no material fact issue. Nurse Turner was not ordered to perform an illegal or unlawful act.

Furthermore, we do not see that anything that was requested of Nurse Turner carried with it criminal penalties under the laws of Texas or the laws of the United States. Under *Sabine Pilot Service, Inc., supra,* the illegal act complained of must be criminally illegal and carry with it criminal penalties.

The Supreme Court also held it was the proper tribunal to judicially amend a previously-judicially-created doctrine—not an intermediate appeals court. But, importantly, the Court, in *Sabine Pilot, supra,* wrote, at page 735:

"... We now hold that public policy, as expressed in the laws of this state and the United States *which carry criminal penalties,* requires a very narrow exception to the employment-at-will doctrine announced in *East Line R.R.R. Co. v. Scott.* That narrow exception covers only the discharge of an employee for *the sole reason* that the employee refused to perform an illegal act. We further hold that in the trial of such a case it is the plaintiff's burden to prove by a preponderance of the evidence that *his discharge was for no reason other than his refusal to perform an illegal act.* (Emphasis added)

No sole reason exists here; certainly, no sole reason resulting from the nurse's refusal to perform an illegal act.

Adhering to the holdings in *Sabine Pilot Service, Inc., supra,* we affirm the granting of the motion for summary judgment, as severed, below.

AFFIRMED.