**OFFSHORE PETROLEUM DIVERS, INC., Appellant,**

v.

**Paul CROMP and Richard Curtis Marsh, Appellees.**

No. 09–96–123CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 11, 1997.

Decided Oct. 9, 1997.

Rehearing Overruled Nov. 14, 1997.

R. Scott Wolfrom, Snider, Donaldson & Wolfrom, Keith Coulter, Andrews, Myers & Donaldson, Beaumont, for appellant.

Gilbert T. Adams, Jr., Theme Sue Linh, Law Offices of Gilbert T. Adams, Jimmy W. Nettles, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Appellant Offshore Petroleum Divers, Inc. ("OPD") calls upon us to determine whether appellees Paul Cromp and Richard Marsh can maintain a cause of action for fraud against their former employer. We conclude, under the circumstances in this case, they can.

Appellees sued OPD in tort for fraud, as well as estoppel and/or detrimental reliance and intentional infliction of emotional distress. Only the fraud issue was submitted to the jury. After finding appellant committed fraud, the jury awarded each appellee damages for out of pocket expenses. In addition, the jury awarded $25,000 to Cromp and

$5,000 to Marsh in exemplary damages. OPD appeals from the judgment against it.

■ Appellant raises two points of error. In point of error one, OPD contends the trial court erred in failing to grant appellant a directed verdict or a judgment notwithstanding the verdict ("JNOV") because, from OPD's perspective, employees at will cannot maintain a cause of action for fraud against their employers as a matter of law. Appellant's point of error one does not address the issue of whether a *prospective* employee can raise a cause of action for fraud against a *prospective* employer. We consider that posture to be no different from that in any other common law action for fraud—whether that posture is a suit pitting individual against individual, business against business, individual against business, or a suit involving some other variation on that theme. Under the facts in this case, we conclude appellees' suit for fraud is not barred as a matter of law by any doctrine, including that of employment at will.

In a recent case, the Texas Supreme Court allowed a fraud cause of action against an employer which had placed an employee on "indefinite medical layoff." *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 928–930 (Tex.1996).[1] Although the employee was not a member of the union, a collective bargaining agreement governed her employment. However, her cause of action did not involve a circumstance specifically covered by the collective bargaining agreement. The allegation of fraud was based on repeated representations by the employer to Ms. Sanchez that she would be called back for the next available job; however, the employer never did so. The suit, therefore, was based on conduct occurring within the context of an existing employment relationship. The Supreme Court addressed the fraud claim and found that it failed, not because of any alleged bar to the cause of action, but because of lack of evidence of the element of reliance. We view the Supreme Court's action to also allow, at least under some circumstances, a fraud claim by an employee against an employer during an employment at will relationship.

Appellant seeks a declaration from this court that an at will employee cannot maintain a cause of action for fraud against an employer. However, appellees' suit encompasses representations made by appellant both before and after appellees became OPD employees; the causes of action are not restricted to allegations of fraud during the employment relationship. According to plaintiff's original petition, while Cromp and Marsh were students at a diving school in Seattle, OPD represented there were plenty of offshore diving jobs available and that they (as tenders)[2] would get in the water immediately. Testimony at trial revealed these representations were made in letters to appellees in Seattle, as well as in phone conversations initiated by OPD representatives. According to the testimony of Paul Cromp and Richard Marsh, M.C. Boudreaux of OPD specifically told them by phone that if they "come here" (i.e., to Sabine Pass) and passed the physical, they would "have plenty of diving" work. According to OPD's letters, their tenders "get in the water immediately." The advantage of "getting in the water" as a diver, rather than working as a helper or tender, was the higher wage of $106 per day. Appellees testified they relied on OPD's representations and traveled from Seattle, Washington, to Sabine Pass. From Sabine Pass, they went to New Orleans per OPD's instructions for their physical examinations (which they passed), returned to Sabine Pass, and became OPD employees. With the exception of the physical examination, all costs incurred in those travels, included transportation, meals, and lodging, were borne by appellees. Contrary to the representations made to them by OPD, appellees testified they were not given diving jobs as represented in the letters sent by OPD and in the telephone conversations with OPD officials.

1. Another case allowing a fraudulent misrepresentation cause of action by a employee against an employer during an at will employment relationship is *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432 (Tex.1986). There, the court held there was sufficient evidence of the employer's having made a promise to do an act in the future with no intention of performing the act.

2. Tenders are trainees who assist the divers.

After hearing the evidence and receiving the court's instructions, the jury found OPD committed fraud, an intentional tort.

In support of its position in point of error one, OPD relies upon *Leach v. Conoco, Inc.,* 892 S.W.2d 954 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) for the proposition that appellees' claims, being based on OPD's employment or business decisions, are barred by the employment at will doctrine.[3] On appeal, OPD cites selected trial testimony for the proposition that appellees' complaints are based solely on the fact that OPD did not assign them offshore work and that appellees' claim is one for constructive or actual discharge. Appellant is, however, incorrect. Appellees' pleadings, along with the partial Statement of Facts, include allegations of pre-employment fraudulent representations, as well as those made during employment. We conclude *Leach* is inapposite, because, unlike the instant case, Conoco's alleged fraudulent misrepresentations to Leach took place only during the time Leach was its employee.[4]

■ A fraud cause of action requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs,* 40 Tex. Sup.Ct. J. 877, 881, 1997 WL 378129, —— S.W.2d ——, —— (Tex. July 9, 1997) (rehearing filed) (citing *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994)). Moreover, a promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made. *Schindler v. Austwell Farmers Coop.,* 841 S.W.2d 853, 854 (Tex.

1992). Thus, if the promise to do an act in the future was made with the intention, design, and purpose of deceiving, and with no intention of performing the act, there is actionable fraud. *Formosa,* 40 Tex. Sup.Ct. J. at 881, —— S.W.2d at —— (citing *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex.1986)).

We hold in this case that appellees had a viable fraud claim based on misrepresentations found by the jury to have been made by OPD to Cromp and Marsh. We further hold that the cause of action for fraud, which encompasses misrepresentations made before employment, as well as those made during employment, is not barred by the employment at will doctrine.[5] The trial court did not err in overruling appellant's motion for directed verdict and judgment notwithstanding the verdict. Point of error one is overruled.

■ In point of error two, appellant contends the Statute of Frauds likewise bars appellees' cause of action for fraud. OPD's analysis is based on the principle that the Statute of Frauds prevents an allegation of fraud to be used to enforce an otherwise unenforceable agreement. *Leach,* 892 S.W.2d at 960. According to appellant, any agreement between OPD and appellees was not one which was to be performed within one year from the date the alleged agreement was made; therefore, under the Statute of Frauds, any promise had to be in writing or it would be unenforceable.[6] Based on the pleadings, trial testimony, and jury charge, we conclude appellees were seeking to recover damages for fraudulent misrepresentations made both before and

---

3. Texas follows the doctrine of employment at will; employment for an indefinite term may be terminated at will and without cause. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991); *Rios v. Texas Com. Bancshares,* 930 S.W.2d 809, 814 (Tex.App.—Corpus Christi 1996, writ denied).

4. The same is true of other cases cited by appellant, specifically *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Molder v. Southwestern Bell,* 665

S.W.2d 175 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

5. We note that appellant did not raise on appeal the issue of sufficiency of the evidence to support the jury's finding of fraud.

6. If an employment contract is to extend beyond one year, it must be in writing in accordance with the Statute of Frauds. TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987); *Rios,* 930 S.W.2d at 815.

during employment, and not seeking to enforce an agreement barred by the Statute of Frauds.

As we noted in our discussion of point of error one, appellant recovered damages for "out of pocket expenses"—those that would restore appellees to the same position they would have been in had they not acted on the misrepresentations of OPD and its agents. There was no recovery of "benefit of the bargain" damages for the breach of any promise made by appellant in regard to employment conditions. In other words, appellees have not recovered damages for the benefits gained if the representations had been truthful—those gains being the higher wages afforded those who were divers. Appellees' recovery is based in tort, not in contract.[7]

As in the first point of error, appellant again focuses in point of error two on the conditions of employment, rather than on any pre-employment inducements bringing appellees to Sabine Pass. We conclude that, under the unique circumstances of this case, allegations of fraud regarding pre-employment misrepresentations, which are evidenced by the pleadings, trial testimony, the court's charge, and the award by the jury, are not barred by the Statute of Frauds. Point of error two is overruled.

AFFIRMED.

7. The Texas Supreme Court continues to recognize the propriety of fraud claims sounding in tort even when the aggrieved party's losses are only economic losses. *See, e.g. Formosa,* 40 Tex. Sup.Ct. J. at 881, —— S.W.2d at ——; *Spoljaric,* 708 S.W.2d at 436.