Marshall CROW, Appellant,

v.

ROCKETT SPECIAL UTILITY DISTRICT, Appellee.

No. 10–98–207–CV.

Court of Appeals of Texas, Waco.

April 12, 2000.

Rehearing Overruled May 24, 2000.

Andrew R. Korn, John W. Bowdich, Andrew R. Korn, P.C., Dallas, for appellant.

Michael G. Oddo, Jennifer Rolf Dietze, Shannon Smitherman, Henry, Oddo, Austin & Fletcher, P.C., Dallas, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Marshall Crow sued his former employer Rockett Special Utility District ("Rockett") for age discrimination, breach of contract and fraud. The court granted Rockett's motion for summary judgment and rendered judgment that Crow take nothing by his suit. Crow claims in six issues that the court erred in granting Rockett a summary judgment: (1) on his age discrimination claim because Rockett is subject to chapter 21 of the Labor Code and he established a *prima facie* case of discrimination; (2) on his contract claim because he was not an at-will employee and because Rockett waived its sovereign immunity by contract; (two issues) (3) on his fraud claim because the summary judgment record contains "more than a scintilla of evidence of fraud" and because the court did not allow him adequate time for discovery; (two issues) and (4) on any of his claims because "Rockett's summary judgment evidence is fatally defective and inadmissible."

## BACKGROUND

Crow began his employment with Rockett in 1988. Rockett promulgated policies in 1990 which provide in pertinent part that a third violation of Rockett's policies after prior verbal and written warnings "will be grounds for dismissal." Crow signed a statement in which he "agreed to abide" by the policies on the same date the policies took effect. Rockett terminated Crow's employment on February 14, 1994 for reasons now in dispute. Crow was fifty-five when his employment was terminated. Crow applied to Rockett for the position of general manager in November of that same year. Rockett hired another applicant for reasons now in dispute.

Crow filed suit against Rockett in January 1996 alleging breach of contract and

age discrimination under chapter 21 of the Labor Code. *See* TEX. LAB.CODE ANN. § 21.051 (Vernon 1996). Rockett moved for summary judgment claiming:

- chapter 21 of the Labor Code does not apply to Rockett because it did not have the requisite number of employees during any of the pertinent time periods and because it is not "a county, municipality, state agency or instrumentality";
- Crow was an at-will employee; and
- Rockett has sovereign immunity from any common law wrongful discharge claims.

Rockett attached five affidavits in support of its motion.

Crow then filed an amended petition adding a "common law fraud" allegation. On the same day, Crow filed a response to Rockett's summary judgment motion contending:

- Rockett is subject to chapter 21 because it had the requisite number of employees and because it is a state instrumentality;
- Crow was not an at-will employee; and
- Rockett is not immune from a breach of contract claim.

Crow attached numerous affidavits and exhibits in support of his response. He also filed written objections to Rockett's affidavits on several grounds.

The court signed an order granting Rockett's motion as to Crow's contract claim, but denying the motion with respect to his age discrimination claim. The court's order left Crow's fraud claim pending because it was raised after the filing of the summary judgment motion.

One month later, Rockett filed a second motion for summary judgment on the fraud claim. Again, Rockett asserted an entitlement to judgment as a matter of law because no material fact issue exists as to an essential element of Crow's fraud claim. Rockett attached two affidavits in support of the second motion. Crow responded to

Rockett's second motion for summary judgment by asserting:

- material fact issues exist on Rockett's "intent not to perform a promise at the time that promise was made" and on Crow's "reliance to his detriment on [Rockett's] misrepresentation";
- Rockett has failed to conclusively disprove any element of his fraud claim; and
- Rockett's "Summary Judgment evidence is fatally defective, and is insufficient to support Summary Judgment."

Crow attached an affidavit in support of this response and referred the court to other evidence already in the record. He filed written objections to the affidavits attached to Rockett's second motion.

Rockett next filed a motion asking the court to vacate and reconsider the partial summary judgment. Rockett premised this motion on a December 1997 letter from the court stating, "Upon receipt of the proper order, the Defendant in the above referenced cause will be granted Partial Summary Judgment as to causes of action alleged in Plaintiff's Original Petition." Rockett attached the letter as an exhibit. Rockett asked the court to vacate the prior order and enter "an Order consistent with its letter ruling which grants Defendant's Motion for Summary Judgment as to the breach of contract claim and age discrimination claim."

The court heard Rockett's second summary judgment motion and the motion to vacate simultaneously. The court granted both and entered a final summary judgment decreeing that Crow take nothing by his suit.

## SUMMARY JUDGMENT EVIDENCE

 Crow argues in his sixth issue that Rockett's summary judgment evidence "is fatally defective and inadmissible." He concedes that his objections "were never ruled on" by the trial court but counters

that his objections go to the substance of Rockett's affidavits and may be raised for the first time on appeal. *See Ahumada v. Dow Chemical Co.*, 992 S.W.2d 555, 562 (Tex.App.—Houston [14th Dist.] 1999, pet. denied); *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 160 (Tex.App.—Waco 1995, no writ).

Crow filed thirty pages of objections in response to the five affidavits attached to Rockett's original summary judgment motion. He filed additional objections to the affidavits attached to Rockett's second motion. Crow made one or more of the following objections to specifically-identified sentences in each of Rockett's affidavits:

- statement includes self-serving speculation;
- statement lacks an affirmative showing that the witness has personal knowledge of these facts;
- statement is that of an interested witness that is not clear, positive, direct, or free from contradiction;
- statement, on its face, is based on hearsay;
- statement violates the best evidence rule;
- statement is argumentative;
- witness has not provided a predicate for expert opinion;
- statement constitutes unqualified expert opinion;
- statement is a legal conclusion; or
- statement is not of facts, but opinions and conclusions.

The first six objections complain of the form of Rockett's summary judgment proof. *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990) (per curiam) (personal knowledge); *Ahumada*, 992 S.W.2d at 562 (interested witness); *Harris v. Spires Council of Co-Owners*, 981 S.W.2d 892, 897 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (hearsay); *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 711 (Tex.App.—Fort Worth 1998, no pet.) (self-serving); *Rodriguez v. Ed Hicks Imports*, 767 S.W.2d 187, 190 (Tex.App.—Corpus Christi 1989, no writ) (best evidence).[1] Because Crow failed to obtain a ruling on these objections, he has failed to preserve them for our review. *See Ahumada*, 992 S.W.2d at 562; *Peerenboom*, 910 S.W.2d at 160; *see also* Tex. R.App. P. 33.1(a)(2)(A). Accordingly, the portion of Rockett's affidavits to which Crow raised only these objections "remain[s] a part of the summary judgment record." *Peerenboom*, 910 S.W.2d at 160; *accord Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354 (Tex. App.—San Antonio 1998, pet. denied).

▮ The courts have generally held that an objection to the conclusory nature of a summary judgment affidavit or the failure of an expert's affidavit to disclose the expert's qualifications goes to the substance of the affidavit. *See, e.g., Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 467 (Tex.App.—Texarkana 1998, pet. denied). Accordingly, we will address the merits of these objections. *See Ahumada*, 992 S.W.2d at 562; *Cain*, 969 S.W.2d at 467–68; *Peerenboom*, 910 S.W.2d at 160.

▮ After reviewing the statements to which Crow raised these objections of substance, we conclude that the majority of the statements are statements of fact relating to the contents of Rockett's administrative policies, the general manager's authority to hire and fire employees, the qualifications Rockett required of applicants for the general manager's position, the names and ages of the three applicants who were presented to the board of directors for interview, and *lay* opinion about the qualifications of these applicants (*i.e.*, they were better qualified than Crow). Therefore, the statements do not constitute legal conclusions or unqualified

---

1. Our research has disclosed no cases considering an "argumentative" objection to summary judgment evidence. Nevertheless, we hold that this is an objection to the form of the affidavit.

*expert* opinion. Accordingly, Crow's objections must fail as to these statements.

■ The remainder of Crow's objections go to the first and second affidavits of Alton Adams, the president of Rockett's board of directors. Crow objects to Adams's statements describing Crow as an at-will employee. He objects to Adams's characterization of Rockett's administrative policies as "guidelines," presumably as opposed to a modification of Crow's at-will status. Finally, Crow objects to Adams's statement that Rockett did not discriminate or intend to discriminate against "Crow or any other employee on the basis of age or for any other basis or reason." We agree that these statements constitute legal conclusions. Accordingly, we will not consider them in reviewing the trial court's decision. *See Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

We sustain Crow's sixth issue in part and overrule it in part.

## AGE DISCRIMINATION

■ Crow contends in his first issue that the court erred in granting summary judgment on his age discrimination claim because a fact issue exists on the question of whether Rockett terminated him or subsequently refused to hire him because of his age. *See* TEX. LAB.CODE ANN. § 21.051. Rockett responds that it is not subject to chapter 21 of the Labor Code because it is not an "employer" as that term is defined in chapter 21. Rockett responds in the alternative that Crow failed to produce sufficient evidence to sustain his age discrimination claim.

Section 21.002(8)(D) provides that an employer under chapter 21 includes any "county, municipality, state agency, or state instrumentality." TEX. LAB.CODE ANN. § 21.002(8)(D) (Vernon Supp.2000). Rockett was created by authority of article XVI, section 59 of the Texas Constitution. *See* TEX. WATER CODE ANN. § 65.011 (Vernon 1988); TEX. CONST. art. XVI, § 59. A district so created is "an agent of the State ... exercising the State's police power." *McMillan v. Northwest Harris County Mun. Util. Dist. No. 24*, 988 S.W.2d 337, 341 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). Thus, Rockett is, at a minimum, an instrumentality of the State subject to the provisions of chapter 21 of the Labor Code. *See* THE NEW AMERICAN ROGET'S COLLEGE THESAURUS 260 (rev. ed.1978) (listing "agent" as synonym for "instrumentality").

An employer commits discrimination under chapter 21 if the employer "fails or refuses to hire an individual" or "discharges an individual" "because of race, color, disability, religion, sex, national origin, or age." TEX. LAB.CODE ANN. § 21.051(1). Chapter 21 has as one of its express purposes "the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964 as amended (42 U.S.C. Section 2000e *et seq.*)." *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); *see also* TEX. LAB.CODE ANN. § 21.001(1) (Vernon 1996); *accord Gold v. Exxon Corp.*, 960 S.W.2d 378, 380 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Rios v. Texas Commerce Bancshares, Inc.*, 930 S.W.2d 809, 818 (Tex.App.—Corpus Christi 1996, writ denied).

Texas courts have thus followed federal precedents to describe the allocation of burdens between employer and employee under chapter 21 as follows:

> In order to show a *prima facie* case of employment discrimination, the plaintiff must show 1) that he was a member of a protected class, 2) that he suffered an adverse employment action, and 3) that non-protected class employees were not treated similarly. Once the plaintiff has established a *prima facie* case, the burden of production shifts to the employer to articulate legitimate, nondiscriminatory reasons for any allegedly unequal treatment. If legitimate nondiscriminatory reasons are established by the employer, the burden then shifts back to the plaintiff to prove that the employer's

articulated reasons are a pretext for unlawful discrimination. Even though the burden of production shifts, the burden of persuasion remains continuously with the plaintiff.

*Rios,* 930 S.W.2d at 818 (citations omitted); *accord Gold,* 960 S.W.2d at 381; *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (op. on reh'g).

When an employer moves for summary judgment on a discrimination claim under chapter 21, we have determined that the burden-shifting approach applies to only the third element. *Jenkins v. Guardian Indus. Corp.,* 16 S.W.3d 431, 438–39 (Tex. App.—Waco 2000, no pet. h.). Thus, we stated in *Jenkins:*

> The employer-movant may attempt to show that non-protected employees were treated similarly. If so, the issue may be joined when the employee produces summary judgment evidence that raises a fact issue about how various employees were treated. The employer-movant may, however, with or without conceding that the plaintiff was treated differently, advance legitimate, nondiscriminatory reasons for the allegedly unequal treatment. If such a reason is advanced, then the employee may be called upon to produce summary judgment evidence that raises a fact issue about whether the employer's articulated reasons are a pretext for unlawful discrimination. In either event, we must bear in mind that under our summary judgment practice, the burden of proof never shifts to the non-movant unless and until the movant has established its entitlement to a summary judgment on the issues expressly presented to the trial court.

*Id.* at 438–39.

Bearing these standards in mind, we first review the record with respect to Crow's claim that Rockett terminated his employment in February 1994 because of his age. In this regard, Rockett alleged in its motion for summary judgment that it is entitled to judgment as a matter of law on this claim because it is not subject to chapter 21. We have already determined that chapter 21 does apply to Rockett because it is an instrumentality of the State. *See* Tex. Lab.Code Ann. § 21.002(8)(D). Thus, Rocket is not entitled to judgment as a matter of law on this basis.

■ Rockett's motion also states:

> [Crow] was discharged on February 14, 1994 for failing to call in his absence at the beginning of the work period, for not adequately fixing a leak, for taking four hours at a job that would normally take one to two hours, and for not following his employer's instructions.

However, none of these alleged grounds for termination appears in Rockett's summary judgment proof. Rather, Rockett's affidavits focus on Crow's at-will status and the reasons Crow was not later hired for the general manager's position. Because Rockett offered no summary judgment *evidence* of legitimate, non-discriminatory reasons for Crow's termination, we conclude Rockett failed to establish its entitlement to summary judgment on this aspect of Crow's claim. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Wilcox v. Hempstead,* 992 S.W.2d 652, 656 (Tex.App.—Fort Worth 1999, no pet.).

■ We now apply the same analysis to Crow's claim that Rockett failed to hire him in November 1994 because of his age. Rockett again relied primarily on its argument that it is not subject to chapter 21. However, Rockett went further and proffered evidence of some of the reasons it chose another applicant over Crow for the general manager's position. Rockett presented the affidavits of three of its board members who served on the selection committee for the general manager's position. The board members stated in these affidavits:

- one of the criteria for the position was a minimum of four years' supervisory experience;

- the committee received approximately fifty resumes for the position;

- the committee reviewed the resumes and decided to interview ten of the candidates;

- the committee did not invite Crow for an interview because the committee "was familiar with Mr. Crow and his work habits and [was] of the opinion that he was unable to get along with the employees and did not have any supervisory experience as required by the criteria";

- Crow's age "was not a factor in the decision not to interview him";

- after the interviews, the committee presented three of the candidates to the board for consideration;

- the candidate ultimately hired "appeared to be in his late 30's or early 40's";

- the other two finalists "appeared to be in [their] 50's";

- the ages of the three finalists played no role in the Board's determination of which to hire; and

- "there were individuals with better qualifications than Mr. Crow who were not interviewed or did not make the final cut to be presented to the Board."

Rockett's summary judgment proof asserts essentially that Rockett did not hire Crow for the position because he did not have the supervisory experience required for the position and because other candidates were more qualified. These constitute legitimate, non-discriminatory reasons for Rockett's decision to hire someone other than Crow. *See Gold,* 960 S.W.2d at 383. The burden thus shifted to Crow to produce evidence that Rockett's "articulated reasons are a pretext for unlawful discrimination." *Jenkins,* at 438–39; *accord Gold,* 960 S.W.2d at 381; *Rios,* 930 S.W.2d at 818; *Farrington,* 865 S.W.2d at 251.

Crow provided the affidavit of Charles K. Davidson who stated that Arthur Black, a former Rockett manager, told him that he fired Crow because he was "too damn old." Crow states in his affidavit that he was the manager of a manufacturing plant "for approximately four years" and at one time supervised 130 employees. This evidence raises a fact issue on whether Rockett's stated rationale for not hiring him is pretextual.

With respect to Crow's claim that Rockett terminated his employment in February 1994 because of his age, Rockett failed to produce any proper summary judgment evidence of legitimate, non-discriminatory reasons for Crow's termination. *See Centeq Realty,* 899 S.W.2d at 197; *Wilcox,* 992 S.W.2d at 656. Thus, we conclude Rockett failed to establish its entitlement to summary judgment on this aspect of Crow's claim.

Concerning Crow's claim that Rockett refused to hire him as general manager in November 1994 because of his age, Crow presented sufficient summary judgment evidence to raise a material fact question on the issue of whether Rockett's stated rationale for hiring someone else is merely pretextual. For this reason, the court erred in granting summary judgment on this aspect of Crow's claim. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997).

Accordingly, we sustain Crow's first issue.

**BREACH OF CONTRACT**

■ Crow asserts in his second issue that the court erred in granting summary judgment because Rockett's administrative policies altered his status as an at-will employee. This Court has ruled in a previous unpublished opinion that Rockett's administrative policies do not alter the at-will employment relationship Rockett has with its employees.[2] Both parties ac-

---

2. The prior decision is *Draper v. Rockett Special Util. Dist.,* No. 10–96–146–CV (Tex. App.—Waco Dec. 17, 1997, no pet.) (not designated for publication). Crow's counsel rep-

knowledge our prior decision, and Crow seeks to distinguish it only by a footnote in which he cites decisions from courts in seven other states which he asserts "would hold to the contrary."

Rockett's administrative policies do not "specifically and expressly curtail[ ]" Rockett's "right to terminate [its] employee[s]." *Figueroa v. West,* 902 S.W.2d 701, 705 (Tex.App.—El Paso 1995, no writ); *accord McAlister v. Medina Elec. Coop., Inc.,* 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, writ denied). Thus, the policies did not alter the at-will relationship Rockett had with Crow. *See Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex. 1993) (per curiam). Accordingly, we overrule Crow's second issue.

## SOVEREIGN IMMUNITY

Crow claims in his third issue that the court erred in granting summary judgment because "Rockett waived any immunity it would be entitled to by contracting with Crow, a private citizen." *See Federal Sign v. Texas So. Univ.,* 951 S.W.2d 401, 405–06 (Tex.1997). Rockett responds that it has not waived its immunity from liability because there was no employment contract. We have already determined that Rockett did not enter a contract with Crow. Thus, Rockett has not contractually waived its immunity from liability.[3] *Cf. Federal Sign,* 951 S.W.2d at 405–06 (immunity from liability waived by contract). Accordingly, we overrule Crow's third issue.

## ADEQUATE TIME FOR DISCOVERY

■ Crow avers in his fifth issue that the court erred in granting summary judgment on the fraud claim because the court did not allow him adequate time for discovery before ruling on "Rockett's no evidence motion for summary judgment." Rockett responds that Crow has not preserved this issue for our review.

We observe first that neither of Rockett's summary judgment motions qualifies as a "no-evidence motion" under Rule of Civil Procedure 166a(i) because Rockett presented affidavits in support of each. *See Ethridge v. Hamilton County Elec. Coop. Ass'n,* 995 S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet. h.). Therefore, the requirement of Rule 166a(i) that a party can present such a motion only "[a]fter adequate time for discovery" does not apply in this case. *See* Tex.R. Civ. P. 166a(i).

Nevertheless, Rule 166a(g) permits a court to grant a continuance for additional discovery to be had when the party opposing summary judgment presents affidavits asserting "that he cannot for reasons stated present by affidavit facts essential to justify his opposition." *Id.* 166a(g). Accordingly, we will address Crow's fifth issue as a claim that the court erroneously denied his request for a continuance under Rule 166a(g).

■ "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco, Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996).

Crow's original petition alleged only his contract and age discrimination claims. Rockett filed its first motion for summary judgment on July 28, 1997, almost nineteen months after Crow filed his original petition. Crow filed a motion for continuance on August 25. Crow filed an affidavit in support of the motion in which counsel asserted more time was needed to depose

resented Appellant Draper in this previous case.

**3.** To the contrary however, the Legislature has waived Rockett's immunity from liability under chapter 21 of the Labor Code by making instrumentalities of the State subject to the provisions of that chapter. *See Federal Sign v. Texas So. Univ.,* 951 S.W.2d 401, 405 (Tex.1997); Tex. Lab.Code Ann. § 21.002(8)(D) (Vernon Supp.2000).

a particular Rockett employee, the president of Rockett's board of directors, and "possibly other individuals who may have knowledge of relevant facts." The court denied the motion on September 3. Crow filed his amended petition on September 11, alleging for the first time a cause of action for fraud.

Rockett filed its second motion for summary judgment on March 13, 1998. In the second motion, Rockett asked the court for summary judgment on Crow's fraud claim. Crow did not request a continuance with respect to Rockett's second motion.

For a party to preserve error, Rule of Appellate Procedure 33.1(a)(1) requires among other things that the party present a timely motion to the trial court stating the grounds for the ruling sought with adequate specificity and otherwise complying with the requirements of any applicable procedural rule. TEX.R.APP. P. 33.1(a)(1). Crow failed to present a motion for continuance under Rule 166a(g) in response to Rockett's second motion for summary judgment. Thus, he has failed to preserve his complaint for our review. *Id.* Accordingly, we overrule his fifth issue.

### FRAUD

■ Crow contends in his fourth issue that the court erred in granting summary judgment because the record contains "more than a scintilla of evidence of fraud." Rockett responds that Crow's fraud claim is barred as a matter of law because he was an at-will employee.

Rockett relies on authority from the First Court of Appeals that "[a]n 'at will' employee is barred from bringing a cause of action for fraud against his employer based upon the employer's decision to discharge the employee." *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 961 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *accord Molder v. Southwestern Bell Tel. Co.,* 665 S.W.2d 175, 177 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The Beaumont Court has limited the application of this rule, construing the decision of the Supreme Court in *Johnson & Johnson Medical, Inc. v. Sanchez* to allow, "at least under some circumstances, a fraud claim by an employee against an employer during an employment at will relationship." *See Offshore Petroleum Divers, Inc. v. Cromp,* 952 S.W.2d 954, 955 (Tex.App.—Beaumont 1997, pet. denied) (citing *Johnson & Johnson,* 924 S.W.2d 925, 928–30 (Tex.1996)).[4] We disagree. The employee's relationship with her employer in *Johnson & Johnson* was governed by a collective bargaining agreement. *Johnson & Johnson,* 924 S.W.2d at 927. Thus, she was not an at-will employee. *See Turner v. Owens–Corning Fiberglas Corp.,* 777 S.W.2d 792, 795 (Tex.App.—Beaumont 1989), *writ granted w.r.m.,* 787 S.W.2d 955 (Tex.1990).

■ In an at-will employment relationship, "employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998); *accord East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). We have already determined that Rockett's administrative policies did not alter the at-will relationship it had with Crow. If an at-will employee such as Crow were allowed to assert that his employer's policies constitute fraudulent representations, then

---

4. The Beaumont Court also placed some reliance on *Spoljaric v. Percival Tours, Inc.* to support its position. *Offshore Petroleum Divers, Inc. v. Cromp,* 952 S.W.2d 954, 955 n. 1 (Tex.App.—Beaumont 1997, pet. denied) (citing *Spoljaric,* 708 S.W.2d 432 (Tex.1986)). However, we find *Spoljaric* inapposite because it did not involve a fraud claim "based upon the employer's decision to discharge the employee." *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 961 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). Rather, *Spoljaric* concerned an at-will employee who "walked off the job" then sued his employer for breach of an oral contract and fraudulent misrepresentation related to a bonus plan the employer had allegedly promised to implement. *Spoljaric,* 708 S.W.2d at 434.

the at-will employment doctrine would be effectively eviscerated. *See Leach,* 892 S.W.2d at 961; *Jones,* 846 S.W.2d at 925; *Molder,* 665 S.W.2d at 177. This we decline to allow.

■ As a bar to recovery, Crow's at-will status constitutes an affirmative defense. *See Vaughn v. Sturm–Hughes,* 937 S.W.2d 106, 108 (Tex.App.—Fort Worth 1996, writ denied). Summary judgment for the defendant is proper if he disproves at least one element of the plaintiff's claim or establishes all elements of an affirmative defense to the claim. *American Tobacco,* 951 S.W.2d at 425. Thus, to prevail on the affirmative defense of at-will employee status, Rockett must establish: (1) Crow was an at-will employee; and (2) the representations on which Crow relies for his fraud claim were made after he began his employment with Rockett. *See Offshore Petroleum Divers,* 952 S.W.2d at 956; *Leach,* 892 S.W.2d at 961.

Rockett's summary judgment evidence establishes that the parties had no agreement prohibiting Rockett from terminating Crow's employment at will. Rockett's evidence also establishes that Rockett adopted the policies on which Crow bases his fraud claim more than two years after Crow began his employment with Rockett. Accordingly, the summary judgment evidence conclusively establishes Rockett's affirmative defense. *See American Tobacco,* 951 S.W.2d at 425. Thus, we overrule Crow's fourth issue.

## CONCLUSION

We have determined that the trial court erred in rendering a summary judgment on Crow's age discrimination claims because Crow raised material fact issues with respect to each of them. However, the trial court did not err in rendering a summary judgment on Crow's contract and fraud claims. Accordingly, we will affirm the judgment in part and reverse and remand the judgment in part.

We affirm the portion of the summary judgment granted on Crow's contract and fraud claims. We reverse the portion of the summary judgment granted on his age discrimination claims, sever, and remand that portion of this cause to the trial court for further proceedings consistent with this opinion. *See Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 823 (Tex.1985); *Blankenship v. Brazos Higher Educ. Auth., Inc.,* 975 S.W.2d 353, 364 (Tex.App.—Waco 1998, pet. denied).