Affirmed and Memorandum Opinion filed October 17, 2006








Affirmed and Memorandum Opinion filed October 17, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00070-CV

_______________

 

ROBERT W. HOLZWARTH, Appellant

 

V.

 

BELINDA BEEK, Appellee

                                                                                                                                               


On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 03-69721A

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Robert
W. Holzwarth appeals a summary judgment in favor of Belinda Beek on the grounds
that the trial court erred in granting summary judgment (1) without adequate
time for discovery, (2) on absolute immunity, and (3) on limitations grounds. 
We affirm.








I.  Factual and Procedural Background

On
January 12, 1996, appellant was convicted of aggravated sexual assault. 
Appellee, Belinda Beek, was a prosecutor assigned to prosecute appellant=s case.  Appellant alleges that prior
to his criminal trial, two attorneys, Lawrence Wilson and Craig Eiland, filed a
civil suit against appellant and others for actions occurring on the night he
committed the sexual assault.  Appellant alleges that at the time of his
criminal trial, Eiland and Wilson had conspired with Beek to conceal the fact
that a civil suit had been filed.  According to appellant=s second amended petition, Beek
represented to the trial court during appellant=s criminal trial that no civil suit
had been filed against appellant.  Appellant contends that he later discovered
the suit had been filed, but he had not yet been served.  He further contends
that Beek, Wilson, and Eiland conspired to conceal this fact so the complainant
would not be cross-examined during the criminal trial. 

On
December 29, 2003, appellant filed a civil suit against Beek, Wilson, and
Eiland alleging his civil rights had been violated because he was deprived of a
fair trial through the concealment of the civil suit.  Beek filed a motion for
summary judgment contending she is entitled to absolute immunity and the
statute of limitations barred appellant=s cause of action.  The trial court
granted summary judgment and severed Beek from the lawsuit, making the judgment
final and appealable.

In four
issues, appellant contends the trial court erred in granting summary judgment
because he was not allowed adequate time for discovery, Beek failed to show as
a matter  of law she was entitled to absolute immunity, and the discovery rule
precludes summary judgment based on the statute of limitations.

II.  Standard of Review








To
prevail on a motion for summary judgment, the movant must establish the absence
of a genuine issue of material fact and that she is entitled to judgment as a
matter of law. Tex. R. Civ. P.
166a(c); Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  In reviewing a trial court=s decision on a motion for summary
judgment, we take as true all evidence favorable to the non‑movant, and
we make all reasonable inferences in the non‑movant=s favor.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  When a
trial court=s order granting summary judgment does not specify the ground or grounds
relied on for the ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious.  State Farm Fire & Cas. Co. v.
S.S., 858 S.W.2d 374, 380 (Tex. 1993).  

III.  Adequate Time for Discovery

In his
first two issues, appellant contends he was not given adequate time for
discovery before the trial court granted Beek=s summary judgment motion.  A
no-evidence summary judgment cannot be granted prior to the passage of an
adequate time for discovery.  Tex. R.
Civ. P. 166a(i); Crow v. Rockett Special Util. Dist., 17 S.W.3d
320, 328 (Tex. App.CWaco 2000, pet. denied).  This time restriction does not
apply to a traditional motion for summary judgment.  Tex. R. Civ. P. 166a(b); Crow, 17 S.W.3d at 328.  

In her
motion for summary judgment, Beek sought judgment as a matter of law based on
absolute immunity and the statute of limitations.  Beek did not seek summary
judgment under the no-evidence standard.  Therefore, the trial court was not
required to permit adequate time for discovery before granting the motion.  See
Moorehouse v. Chase Manhattan Bank, 76 S.W.3d 608, 612 (Tex. App.CSan Antonio 2002, no pet.). 
Appellant=s first and second issues are overruled.

IV.  Absolute Immunity








In his
third issue, appellant contends the trial court erred in granting summary
judgment based on absolute immunity.  Appellant argues that when Beek stated
appellant had not been sued, she was not acting in her capacity as an advocate
for the State, but was acting in furtherance of a conspiracy with the lawyers
who had filed the civil suit.  Appellant argues Beek, Wilson, and Eiland
conspired to violate his civil rights by concealing the civil suit during his
criminal trial.  Beek argues that her conduct during appellant=s criminal trial was within her
prosecutorial function; therefore, appellant=s claims are barred.  While 
initiating a prosecution and presenting the State=s case, the prosecutor is immune from
a civil suit for damages.  Imbler v. Pachtman, 424 U.S. 409, 431
(1976).  Immunity is premised on the concern that harassment by unfounded
litigation would cause a deflection of the prosecutor=s energies from her public duties,
and the possibility that she would shade her decisions instead of exercising
independence of judgment required by the public trust.  Id. at 423. 
Appellant contends Beek is limited to the defense of  qualified immunity.  The
Supreme Court, however, specifically rejected that argument, finding the threat
of civil rights suits would Aundermine performance of his duties@ if a prosecutor had qualified
immunity.  Id. at 425.  A prosecutor=s absolute immunity extends to
activities intimately associated with the judicial phase of the criminal
process.  Id. at 420B21; Oden v. Reader, 935 S.W.2d 470, 474 (Tex. App.CTyler 1996, no writ).  








In this
case, it is important to consider the claim that appellant has made against
Beek concerning her role in the criminal trial.  Acts undertaken by a
prosecutor in the course of her role as an advocate for the State are entitled
to the protections of absolute immunity.  Buckley v. Fitzsimmons, 509
U.S. 259, 269 (1993).  In determining whether a prosecutor is absolutely immune
from suit, we examine the nature of the function performed, not the identity of
the actor who performed it.  Id. at 269.  Appellant contends that in
response to a motion in limine concerning civil suits, Beek told the trial
court that no civil suit was pending against appellant.  The conduct alleged is
within her prosecutorial function.  It is an act that is intimately associated
with the judicial phase of the criminal process.  See Burns v. Reed, 500
U.S. 478, 479 (1991) (finding prosecutor was absolutely immune for
participating in probable cause hearing, but no immunity for giving legal
advice to police).  Because Beek was absolutely immune from a civil rights suit
based on the described actions in appellant=s criminal trial, appellant=s third issue is overruled.

In its
judgment, the trial court did not specify on which grounds it granted summary
judgment.  Because we have determined that the trial court=s summary judgment can be affirmed on
the theory of absolute immunity, we need not address appellant=s fourth issue on the statute of
limitations.  

The judgment
of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 17, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.