# NO. 12-20-00077-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: EAST TEXAS OILFIELD* | § | |
| *PRODUCTION SERVICES, INC.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator East Texas Oilfield Production Services, Inc. filed this original proceeding to compel Respondent to rule on its objections to summary judgment evidence.[1] We deny the writ.

## BACKGROUND

Real Party in Interest, McBride Operating, L.L.C., entered into an oral agreement with East Texas Oilfield for East Texas Oilfield to provide consulting and drilling supervision services for a new disposal well named "McBride #1" in Rusk County. McBride alleges that in October 2017, East Texas Oilfield completed the drilling on McBride #1 and that the casing was not set deep enough. McBride sued East Texas Oilfield for the damages incurred in correcting the problem. In its petition, McBride alleged causes of action for negligence, breach of contract, and breach of warranty.

East Texas Oilfield filed both a no-evidence motion for summary judgment and a traditional motion for summary judgment. McBride responded to both motions and included an affidavit and exhibits. East Texas Oilfield filed a reply, which included twenty-one objections to McBride's summary judgment evidence. Respondent denied both summary judgment motions in a letter ruling but did not explicitly rule on the evidentiary objections. East Texas Oilfield filed a motion for reconsideration and a request for rulings. In its motion and at the hearing, East Texas

---

[1] Respondent is the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court in Rusk County, Texas.

Oilfield requested Respondent rule on the evidentiary objections. Respondent denied the motion for reconsideration without ruling on the objections. This original proceeding followed.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839–40. The relator has the burden to establish an abuse of discretion as well as the inadequacy of a remedy by appeal. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).

## ADEQUATE REMEDY BY APPEAL

We first address whether East Texas Oilfield has an adequate remedy by appeal. According to East Texas Oilfield, appeal is an inadequate remedy because Respondent abused his discretion by failing to rule on its objections to McBride's summary judgment evidence. It urges that due process mandates an opportunity to be heard and that Respondent's failure to rule results in a waiver of its evidentiary objections.

In its summary judgment response, McBride attached the following evidence: the affidavit of McBride's counsel, excerpts from the deposition of Joe Ed McBride (the owner of McBride Operating), a Texas Railroad Commission Permit, various documents classified as already admitted trial exhibits, and McBride's second amended petition. East Texas Oilfield filed twenty-one lengthy "Objections to McBride's Summary Judgment Evidence," but those objections address the contents of McBride's summary judgment response rather than the contents of the summary judgment evidence. Specifically, the objections included assertions that McBride's response contained arguments from counsel, irrelevant, conclusory, and argumentative statements, factual conclusions, legal conclusions lacking in foundation, statements not made by a competent witness, and hearsay, mischaracterized or misrepresented the evidence, misstated the record, and made statements that were unsupported by the evidence attached. East Texas Oilfield lodged no

2

objections to the actual evidence itself. As such, it appears East Texas Oilfield actually attempts to complain of Respondent's denial of its motions for summary judgment.

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *Prudential*, 148 S.W.3d at 136. As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* at 137. The most frequent use of mandamus relief involves cases in which the very act of proceeding to trial, regardless of the outcome, would defeat the substantive right involved. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). The Texas Supreme Court has held appeal is not an adequate remedy when it will mean forcing parties to trial in a case they agreed to arbitrate, forcing parties to trial on an issue they agreed to submit to appraisers, forcing parties to a jury trial when they have agreed to a bench trial, forcing parties to trial in a forum other than the one they contractually selected, and forcing parties to trial with no chance for one party to prepare a defense. *Id.*

However, the Texas Supreme Court has further held that mandamus is generally unavailable when a trial court denies summary judgment because parties are not "entitled" to summary judgment in the same way they are entitled to arbitration or their chosen forum. *See id.* The Texas Supreme Court explained:

> Summary judgments were unknown at common law, and appeared in Texas cases only with adoption of the rule in 1949. Even if the merits could be decided only one way, jury trials may still be important both for justice and the appearance of doing justice. Moreover, trying a case in which summary judgment would have been appropriate does not mean the case will have to be tried twice—as it will if the first trial is conducted in the wrong time, place, or manner. By contrast, insisting on a wasted trial simply so that it can be reversed and tried all over again creates the appearance not that the courts are doing justice, but that they don't know what they are doing. Sitting on our hands while unnecessary costs mount up contributes to public complaints that the civil justice system is expensive and outmoded.

*Id.* at 465–66. Only extraordinary circumstances will justify mandamus review when a trial court denies a summary judgment motion. *In re State Farm Lloyds*, No. 13-16-00049-CV, 2016 WL 902864, at *2 (Tex. App.—Corpus Christi Mar. 9, 2016, orig. proceeding) (mem. op.) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010)).

Applying the Supreme Court's rationale, we hold that mandamus review is unavailable to the extent East Texas Oilfield's mandamus petition can be construed as an attempt to challenge the denial of its motions for summary judgment. *See id.*; *see also In re Ooida Risk Retention*

***Grp., Inc.***, 475 S.W.3d 905, 913-14 (Tex. App.—Fort Worth 2015, orig. proceeding) (mandamus did not lie from denial of summary judgment). Deferring review of an order denying summary judgment until after rendition of a final judgment in this case will not skew the proceedings, potentially affect the outcome of the litigation, or compromise the presentation of East Texas Oilfield's defense in ways unlikely to be apparent in the appellate record. *See **State Farm Lloyds**,* 2016 WL 902864, at *3 (citing ***Prudential***, 148 S.W.3d at 136). Nor would mandamus review offer needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments. *See id.; see also **Prudential**,* 148 S.W.3d at 136. And the potential for wasted time and money in proceeding to trial without correction of alleged error at this stage of the proceedings does not, without more, merit mandamus review. *See **State Farm Lloyds**,* 2016 WL 902864, at *3; *see also **Prudential**,* 148 S.W.3d at 136. Accordingly, we conclude that East Texas Oilfield has an adequate remedy by appeal after final judgment.

Moreover, to the extent that East Texas Oilfield's "objections" could be construed as evidentiary objections, we still determine that East Texas Oilfield has an adequate remedy by appeal because Respondent's failure to rule does not result in waiver of the particular objections raised. The same evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings. ***United Blood Servs. v. Longoria***, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam). But the rules of error preservation also apply. *See **Mansions in the Forest, L.P. v. Montgomery Cty.**,* 365 S.W.3d 314, 317–18 (Tex. 2012) (per curiam). To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of "a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." *Id.* at 317; TEX. R. APP. P. 33.1(a). And if purported summary-judgment evidence presents a defect in "form," that defect cannot provide "grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f).

Construing East Texas Oilfield's objections as encompassing evidentiary challenges to McBride's summary judgment proof, unless it complained of a defect in substance, rather than form, it was obligated to both object and obtain a ruling on its objection. ***Mansions***, 365 S.W3d at 317; TEX. R. APP. P. 33.1(a)(2). If a party objects to an opponent's summary-judgment evidence, the evidence "remains part of the summary[-]judgment proof unless an order sustaining the objection is reduced to writing, signed, and entered of record." ***Mitchell v. Baylor Univ. Med.***

4

***Ctr.***, 109 S.W.3d 838, 842 (Tex. App.—Dallas 2003, no pet.); *see also **Dolcefino v. Randolph***, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (assuming that error was not preserved so that statements were part of the summary-judgment evidence on appeal). In contrast, when an affidavit presents purely substantive defects, those defects can be complained of for the first time on appeal and are not subject to the general rules of error preservation. ***Seim v. Allstate Tex. Lloyds***, 551 S.W.3d 161, 166 (Tex. 2018).

The Texas Supreme Court faced the distinction between substantive and formal defects in ***Mansions in the Forest, L.P. v. Montgomery Cty.*** in 2012. *See generally* 365 S.W.3d 314 (Tex. 2012). In that case, the summary-judgment movant waited until the case was on appeal before it objected to the respondent's failure to conclude an affidavit with a jurat—or to otherwise show that it was sworn to. *Id.* at 315. The Supreme Court noted that such a failure meant the instrument was "not an affidavit" at all. *Id.* at 315–16. Yet the Court maintained that even such an obvious defect is one of form and still subject to the rules of error preservation. *See id.* at 317–18. Because the movant failed to obtain a ruling from the trial court, it waived the defect and could not complain of it on appeal. *Id.*

Here, East Texas Oilfield's objections challenge the characterization of evidence and arguments made within the response to the motions for summary judgment. To the extent they can be construed as objections to summary judgment evidence itself, the purported objections go to the substance of the evidence or affidavits as opposed to the form. *See **Crow v. Rockett Special Util. Dist.***, 17 S.W.3d 320, 324 (Tex. App.—Waco 2000, pet. denied) (objection to the conclusory nature of a summary judgment affidavit or the failure of an expert's affidavit to disclose the expert's qualifications goes to the substance of the affidavit); ***Rizkallah v. Conner***, 952 S.W.2d 580, 584-585 (Tex. App.—Houston [1st Dist.] 1997, no writ) (objection that statements in summary judgment affidavit were nothing more than legal conclusions was objection of substance, not of form, and was not waived by failure to raise it in trial court). Therefore, regardless of whether Respondent signed an order ruling on the purported objections, East Texas Oilfield could nevertheless raise its substantive complaints for the first time on appeal, without fear of waiver. *See* TEX. R. APP. P. 166a(f); ***Crow***, 17 S.W.3d at 324; ***Rizkallah***, 952 S.W.2d at 585. Accordingly, because East Texas Oilfield's purported objections are, at best, substantive challenges, it has an adequate remedy by appeal.

## DISPOSITION

Because we hold that East Texas Oilfield has an adequate remedy by appeal, we conclude that East Texas Oilfield has not demonstrated an entitlement to mandamus relief, and we ***deny*** the petition for writ of mandamus. East Texas Oilfield's motion for temporary relief is ***overruled as moot***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J. and Hoyle, J.*
*Neeley, J., not participating.*

6